J. S76025/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
KHASHION M. GARLAND, :
:
Appellant : No. 3551 EDA 2015

Appeal from the PCRA Order November 10, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0007256-2009

BEFORE: STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED JANUARY 06, 2017**

Appellant, Khashion M. Garland, appeals from the Order entered in the Philadelphia County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

On September 17, 2010, a jury convicted Appellant of Third-Degree Murder[1] and related firearms offenses. On December 17, 2010, the trial court imposed an aggregate sentence of 22½ to 45 years' incarceration. Appellant filed a direct appeal, and this Court affirmed Appellant's Judgment

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

of Sentence on March 1, 2013.[2] **See Commonwealth v. Garland**, 63 A.3d 339 (Pa. Super. 2013). Appellant did not seek further review.

On February 28, 2014, Appellant filed the instant *pro se* PCRA Petition, his first. The trial court appointed counsel, and counsel filed an Amended PCRA Petition on April 29, 2015. On October 6, 2015, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition. Appellant did not file a response.

On November 9, 2015, the PCRA court dismissed Appellant's Petition without a hearing.

Appellant filed a timely Notice of Appeal.[3] Appellant presents one issue for our review:

> Did the trial court err in not reinstating [A]ppellant's right to file an appeal *nunc pro tunc* from the [J]udgment of [S]entence due to ineffective assistance [of] appellate defense counsel on direct appeal in that appellate counsel was ineffective for waiving the issue of trial court's error in denying the motion to suppress the firearm that was allegedly found on the [A]pellant at the time of his arrest[?]

Appellant's Brief at 2.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise

---

[2] On direct appeal, this Court concluded, *inter alia*, that Appellant waived his first claim regarding his motion to suppress the firearm he discarded when fleeing from police on the night of his arrest because he failed to present this specific issue in his Pa.R.A.P. 1925(b) Statement.

[3] The trial court did not order a Pa.R.A.P. 1925(b) Statement, but the trial court filed a Pa.R.A.P. 1925(a) Opinion on February 17, 2016.

free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

"It is well settled that when [] counsel files a Pa.R.A.P. 1925(b) statement that fails to preserve **any** issues for appellate review, the PCRA court may reinstate the petitioner's direct appeal rights *nunc pro tunc*." ***Commonwealth v. Pulanco***, 954 A.2d 639, 642 (Pa. Super. 2008). However, in instances where counsel's acts or omissions caused waiver of

one or more, but not all, issues on direct appeal, the petitioner "must establish that counsel's ineffectiveness so undermined the truth-determining process so as to render unreliable the adjudication of guilt or innocence." *Id*.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. *Id*. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

As the PCRA court opined in its Rule 1925(a) Opinion:

Petitioner's ineffectiveness claim is without arguable merit.

Police Officer Galiczynski testified that Officer Perry and he responded to a report of a gunpoint robbery at 12:50 p.m. on March 13, 2009. Both twelve–year veteran police officers were in full uniform, driving a marked police vehicle. Approximately two blocks away from the scene, Officer Galiczynski observed [Appellant] riding a bicycle "very fast" in the opposite direction of the robbery. [Appellant] was "sweating heavily" and

- 4 -

appeared "startled" when he looked in the direction of the officers.

Officer Galiczynski and Officer Perry made a U-turn and activated their lights and sirens. [Appellant] dropped his bicycle in a common driveway and ran behind a home. Officer Galiczynski followed on foot and observed [Appellant] hide behind a vehicle. Officer Galiczynski gave verbal commands. [Appellant] refused to show his hands and again fled on foot. At that time, Officer Galiczynski observed [Appellant] reach down to his waistband area, pull out a handgun, drop it, and continue to run. After a brief chase, Officer Galiczynski and Officer Perry apprehended [Appellant] and recovered the .380 semi-automatic firearm that Officer Galiczynski observed [Appellant] discard.

The trial court properly denied the motion to suppress the firearm because the evidence established that the officers had reasonable suspicion to pursue [Appellant] based on the totality of the circumstances. Since the denial of the motion to suppress was correct, trial counsel's failure to preserve this issue did not constitute ineffective assistance of counsel. Trial counsel will not be deemed ineffective for failing to pursue a meritless issue.

Trial Court Opinion, filed 2/17/16, at 3, 5-6 (citations omitted). We agree with the trial court's assessment.

As noted by the PCRA court, the evidence shows that Appellant's underlying claim lacks arguable merit. Because Appellant failed to prove his underlying claim is of arguable merit, Appellant's ineffectiveness claim fails.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2017